**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

**DARRELL JOHNSON,**

     **Plaintiff,**

**vs.**                                                    **CASE NO. 4:07cv201-MP/AK**

**JOHN D. SLOAN, et al,**

     **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated within the Florida Department of Corrections, submitted a civil rights complaint and a motion for IFP.  (Docs. 1 and 2).  Because Plaintiff did not fully disclose his prior history with this Court, his motion for IFP was granted and his complaint was reviewed.  (Docs. 9 and 10).  When the amended complaint was filed, a member of the Court's staff researched Plaintiff's name and discovered that Plaintiff had four prior cases in this district.

The Prison Litigation Reform Act of 1995 (PLRA), provides that a prisoner may not bring a civil action *in forma pauperis* under 28 U.S.C. § 1915:

> . . . if the prisoner has, on 3 or more occasions, while incarcerated or
> detained in any facility, brought an action or appeal in a court of the United

> States that was dismissed on the grounds that it is frivolous, malicious, or
> fails to state a claim upon which relief may be granted, unless the prisoner
> is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff has had *at least* three prior prisoner actions dismissed within this District

on the grounds that they were frivolous, malicious, or failed to state a claim.  The

dismissed cases include: case 5:03cv291 (dismissed as frivolous); 5:03cv277

(dismissed as frivolous); and 5:03cv180 (summary judgment granted in favor of

Defendants because Plaintiff failed to show that Defendants' policy substantially

burdened his religious exercise).  It is not necessary that the express language of

section 1915(g) be used when a dismissal  is the equivalent of failure to state a claim.

See Rivera v. Allin, 144. F.3d 719, 731 (11th Cir. 1998) *abrogated on other grounds* by

Jones v. Bock, 127 S.Ct. 910 (2007).  Such dismissals may still be counted as a

"strike."

Plaintiff's allegations of retaliation, a false disciplinary report, and denial of due

process do not bring him within the "imminent danger" exception.  (Doc. 12).

Because Plaintiff has had at least three prior dismissals and is not under

imminent danger of serious physical injury, he is not entitled to proceed *in forma

pauperis*.  Furthermore, because Plaintiff did not pay the filing fee at the time he

submitted this civil rights action, this case must be dismissed.  The Eleventh Circuit

Court of Appeals has clarified that the proper procedure in such a situation is not to give

the inmate time in which to pay the fee, rather dismissal is required if a "three striker"

does not pay the filing fee at the time he submits the complaint.  Dupree v. Palmer, 284

F.3d 1234 (11th Cir. 2002).  Thus, this case must be dismissed under 28 U.S.C. § 1915(g).

In light of the foregoing, it is respectfully **RECOMMENDED** that the Order granting IFP (doc.  9) be **VACATED**, and this case be **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Gainesville, Florida, this  **_15th_**  day of January, 2008.

**_s/ A. KORNBLUM_**
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

<u>**NOTICE TO THE PARTIES**</u>

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**